MARIA K. STANLEY, ADMINISTRATRIX, *vs.* EVERETT L.
STANLEY.

*A* placed certain stocks in the defendant's hands to be used for a certain purpose.
The defendant placed them in the hands of a broker, for another purpose,
and they were sold by the latter and the proceeds placed to the defendant's
credit.   Before they were sold *A* had died, and the plaintiff as administratrix
of his estate brought an action for money had and received against the
defendant, describing the money as received to the use of *A* in his life-time

and averring a promise made to *A.* Held that the facts would not sustain the averments of the declaration, but that it could be amended so as to allege that the money was received to the use of the administratrix and the promise made to her.

ASSUMPSIT for money had and received; brought to the Superior Court in Hartford County. Facts found and case reserved for advice. The point of law decided by the court will be sufficiently understood without a statement of the facts.

*Mitchell,* for the plaintiff.

*Cornwall,* for the defendant.

CARPENTER, J. The controversy in this case is narrowed down to eight shares of stock in the Hart Manufacturing Company, and thirty shares in the Willimantic Linen Company.

It appears from the report of the committee that all this stock was placed in the defendant's hands by the plaintiff's testator for a particular purpose in the month of September, 1869. On the 4th day of November following the defendant used it for another purpose and on his own account—placing it in the hands of W. M. Brundage & Co., brokers, for the purpose of being used as margin on any stocks which these brokers might thereafter buy or sell for him. In September, 1870, Brundage & Co. sold the stock and credited the proceeds to the defendant. When thus sold and credited, and not till then, the defendant received money to the use of the plaintiff. At that time Walter Stanley had deceased, and John Stanley, his executor, was his legal representative. The promise which the law implied was to John Stanley, executor. After the decease of John Stanley, the plaintiff was appointed administratrix with the will annexed. She succeeded him as the representative of Walter Stanley and may recover upon that promise.

But the declaration alleges that the defendant received money to the use of Walter Stanley in his life-time, and in

consideration thereof promised to pay him the amount so received. That allegation not being proved, there can be no recovery upon the declaration as it stands. We are of the opinion however that, inasmuch as it was competent for the plaintiff, in the first instance, to have inserted in her declaration a count alleging the receipt of money after the decease of Walter Stanley, and a promise to his representative, it is competent for her now to amend her declaration, and under our practice, upon a declaration so amended she may recover.

A question is made in respect to the amount for which judgment should be rendered. The fact that the sum of $250, paid to Walter Stanley, was drawn from Brundage & Co., would seem to indicate that it was paid on account of the stock in question. On the other hand the fact that at that time the indebtedness to Walter Stanley did not exist, and he was in fact receiving money from the defendant as a partner, is some evidence that it was received on account of the partnership.

As this is a question of fact, and the committee at the conclusion of his report has disposed of it as such, we think the plaintiff is entitled to recover the sum of $940, with interest.

We advise the Superior Court that the plaintiff, upon an amended declaration, is entitled to judgment.

In this opinion the other judges concurred.